USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/19/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES and STATE OF NEW YORK ex rel. XIOMARY ORTIZ and JOSEPH GASTON,

        Plaintiffs,

-against-

MOUNT SINAI HOSPITAL, MOUNT SINAI SCHOOL OF MEDICINE, and MOUNT SINAI RADIOLOGY ASSOCIATES,

        Defendants.

13-CV-04735 (RMB) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On August 18, 2016, the Court held a conference to address the discovery requests raised in plaintiff-relators' letter-motions dated August 3, 4, 5, and 8, 2016 (Dkt. Nos. 160, 161, 164, and 165), which were further briefed in defendants' opposition letters dated August 8 and 12, 2016 (Dkt. Nos. 166 and 168), plaintiff-relators' reply letter dated August 15, 2016 (Dkt. No. 169), and defendants' unauthorized sur-reply letter, also dated August 15, 2015 (Dkt. No. 170).[1] The Court resolved three of plaintiff-relators' four requests at the conference. In accordance with the Court's oral rulings at the conference, it is hereby **ORDERED** that:

1. <u>Physician Depositions</u>. Plaintiff-relators' request for leave to depose physicians Jaime Lopez-Santini, M.D. and David C. Thomas, M.D. is **DENIED**. The information that plaintiff-relators seek to confirm by examining these physicians – relating to whether they authorized or permitted the use of their names for certain billing purposes – could have been obtained by means of written discovery requests served before fact discovery closed. The Court's

---

[1] In light of the flurry of letter-motions filed by plaintiff-relators from August 3 through August 5, 2016, and the relatively short time the defendants were allotted to respond, the Court elected not to strike defendants' unauthorized sur-reply. This is not likely to happen again.

Order dated July 7, 2016 (Dkt. No. 148), which extended the fact discovery cut-off from June 24 to August 8, 2016 (at plaintiff-relators' request), expressly authorized written discovery on this issue. Moreover, the same information has been stipulated to on the record by defendants' counsel more than once, including during the August 18, 2016 conference.

2.  RIS Data. Plaintiff-relators' request for claims data from Mount Sinai's RIS patient scheduling system is **DENIED**. Plaintiff-relators cannot justify their failure to clearly request such data prior to the close of fact discovery by asserting that they were unaware of its existence. Among other things, relator Ortiz is familiar with the RIS system and used it to collect certain data used to initiate this *qui tam* action. Further, plaintiff-relators concede that the information they now seek – *all* RIS data for the relevant time period – is not necessary to establish that the allegedly fraudulent billing practices at issue in this action occurred. Instead, the RIS data would be used by plaintiff-relators' experts (together with the extensive claims data they have already obtained from the relevant agencies) in an attempt to document the extent of the alleged misconduct. The July 7 Order stayed such discovery pending the outcome of defendants' anticipated summary judgment motion.[2]

3.  CMS Discovery. Plaintiff-relators' request for a brief additional extension of the discovery cut-off is **GRANTED**, for the limited purpose of (a) obtaining the declaration that the federal Centers for Medicare and Medicaid Services (CMS) previously agreed to provide in response to plaintiff-relators' July 22, 2016 supplemental *Touhy* request to CMS; and (b) permitting defendants to cross-examine the declarant at a deposition limited to that declaration.

---

[2] Defendants plan to move for summary judgment on "key issues of liability," including materiality. *See* Def. Letter to the Hon. Richard M. Berman, dated June 27, 2016 (Dkt. No. 142), at 1-3. On July 28, 2016, Judge Berman directed defendants to submit their motion papers on September 16, 2016. Opposition papers are due by October 17, 2016, and reply papers are due by October 31, 2016.

If plaintiff-relators fail to obtain the declaration by September 2, 2016, or fail to make the appropriate agency witness available for deposition by September 9, 2016, defendants may move to preclude any use of the declaration in connection with summary judgment.[3]

Plaintiff-relators also request an order compelling the New York State Department of Health (DOH) to produce a second deposition witness. The Court now resolves that issue as well:

4. <u>Additional DOH Deposition</u>. Plaintiff-relators took the deposition of DOH's designated witness Jessica Lourinia on August 4, 2016 (two business days prior to the extended discovery cut-off), but complain that she was unable to testify concerning certain topics relating to the materiality of Mount Sinai's alleged billing misconduct and therefore that DOH should be required to produce a second, higher-level witness to address the following issues: (a) why Medicaid called for certain information on its claims forms; (b) whether Medicaid had ever encountered the type of billing misconduct alleged here (specifically, the mis-identification of referring and rendering providers on claim forms); and (c) whether and how Medicaid "interpreted, applied and enforced" 18 NYCRR 504.1(d)(19). Dkt. No. 164, at 2. Defendants argue that Ms. Lourinia provided competent testimony concerning a wide variety of topics addressed during the deposition; that the additional information sought would not be relevant to the materiality element of plaintiff-relators' claims; and that plaintiff-relators have only themselves to blame for failing to take any DOH deposition until the last minute. DOH also opposes plaintiff-relators' request, arguing in a letter dated August 9, 2016 (attached to plaintiff-relators' reply letter, *see* Dkt. No. 169-2) that Ms. Lourinia was "well-qualified" to discuss the

---

[3] Plaintiff-relators represented in their August 4, 2016 letter that CMS would need "a week" to provide the declaration. Dkt. No. 161, at 1. Assuming the declaration is available by September 2, 2016, the parties may extend the deposition date by stipulation.

issues raised in relators' deposition subpoena, including materiality, and that any further agency testimony would be unnecessary and redundant.

Materiality in a federal False Claims Act case is a mixed question of law and fact, which "look[s] to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation." *Universal Health Services, Inc. v. Escobar*, 136 S. Ct. 1989, 2002 (2016) (quoting 26 R. Lord, *Williston on Contracts* § 69:12, at 549 (4th ed. 2003)). The agency's express identification of a particular requirement as a "condition of payment" is "relevant, but not automatically dispositive" as to the materiality of a defendant's alleged misrepresentation as to its compliance with the requirement. *Escobar*, 136 S. Ct. at 2003. Proof of materiality may also include evidence of how the agency responded in the past to violations of the same requirement. "If the Government regularly pays a particular claim in full despite its actual knowledge that certain requirements were violated, and has signaled no change in position, that is strong evidence that the requirements are not material," whereas if the agency routinely denies claims under the same circumstances, that evidence would tend to show that those requirements are material. *Id*. at 2003-04. One of the three topics that plaintiff-relators seek to explore through a second DOH witness – whether Medicaid had ever encountered the type of billing misconduct alleged here – concerns the same type of information discussed in *Escobar*.[4] The Court therefore cannot agree with defendants that the additional testimony sought by plaintiff-relators would be wholly irrelevant to the materiality element of their claims.

---

[4] The Court assumes, without deciding, that evidence relevant to the materiality element of plaintiff-relators' claims under the federal False Claims Act would also be relevant to their claims under the New York False Claims Act. *See* N.Y. Fin. L. § 189(1)(b) (a person who knowingly makes or uses "a false record or statement material to a false or fraudulent claim" may be liable under the statute).

Even if fact discovery had not closed, however, the Court would deny the request for a second DOH deposition. Fed. R. Civ. P. 26(b)(1) limits discovery to matters that are both relevant to a party's claim or defense "and proportional to the needs of the case." While materiality is important to plaintiff-relators' claims, DOH testimony is only one source of evidence relevant to that issue. Other sources include (by way of example only) publicly-available information concerning agency policies and procedures; testimony from former agency officials; discovery from defendants themselves (or from the agency, in documentary form) as to what claims the agency did and did not pay; testimony from defendants' personnel concerning their knowledge of the agency's policies and practices; and – in this case – discovery concerning the agency's response to defendants' voluntary disclosure, in 2011, of at least some of the billing misconduct underlying this action. Moreover, it is undisputed that Ms. Lourinia "was able to give . . . a significant amount of testimony relating to materiality." Dkt. No. 164, at 2. Additional agency testimony would add only incrementally to the evidence available from other sources or already adduced from DOH. On this record, the burden and expense of a second day of DOH testimony, from a second DOH witness, outweighs the likely benefit to any party.[5]

Plaintiff-relators' conduct in this action further undercuts their present contentions as to the importance of additional DOH testimony. They first served a subpoena on the agency on January 29, 2016, seeking testimony as to two broad subject areas: claims processing procedures and materiality. *See* Dkt. No. 169-2, at 5. Nothing in the record suggests that they could not have enforced that subpoena – through motion practice if necessary – in time to resolve any disputes

---

[5] During the August 18, 2016 conference, plaintiff-relators' counsel argued that testimony of the type sought here, from a high-level agency official, is not merely relevant to materiality in False Claims Act cases but almost invariably presented by the agency itself, at least in cases where the government has intervened as a plaintiff. However, counsel did not provide any examples to support his assertion. Nor have plaintiff-relators cited any case law or other authority – beyond *Escobar* itself – bearing on the need for the additional testimony they seek.

before discovery closed. But they did not furnish DOH with a list of specific topics as to which they sought testimony until July 18, 2016, twelve days after discovery was last extended, and a mere three weeks before the extended discovery cut-off of August 8. *See* Dkt. No. 169-3. Consequently, they did not learn who the witness would be until August 1, *see* Dkt. No. 169-4, and did not examine her until August 4, two business days before the extended cut-off.

In order to provide the relief that plaintiff-relators now seek, this Court would be required to reopen fact discovery, and perhaps to hold it open for an extended period of time, to give DOH (which is not a party to this action) formal notice and an opportunity to be heard on plaintiff-relators' motion to compel additional testimony. *See Beare v. Millington*, 2010 WL 234771, at *5 (E.D.N.Y. Jan. 13, 2010). This would likely impinge on the schedule set by Judge Berman for summary judgment briefing, which would unfairly prejudice defendants, and unfairly reward plaintiff-relators for waiting until the last minute to seriously pursue testimony from DOH. Rule 1 of the Federal Rules of Civil Procedure requires the Court to administer the remaining rules "to secure the just, speedy, and inexpensive determination" of every action and proceeding. Accordingly, plaintiff-relators' application for a second DOH deposition is **DENIED**.

The Clerk of the Court is respectfully requested to close Dkt. No. 169.

Dated: New York, New York
       August 19, 2016

                              **SO ORDERED**.

                              **BARBARA MOSES**
                              **United States Magistrate Judge**